1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFF A.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant.

Case No. C20-1385-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff appeals the denial of his application for Supplemental Security Income (SSI). Having considered the Administrative Law Judge's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1966, has at least a high school education, and previously worked as a tune-up mechanic. AR 27. Plaintiff was last gainfully employed in 2017. *Id.* at 17.

In December 2017, Plaintiff applied for SSI, alleging disability as of March 16, 2012. AR 15. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  After the Administrative Law Judge (ALJ) conducted a hearing in

December 2018, *id.* at 34-59, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-

33.  The Appeals Council denied review, making the ALJ's decision the Commissioner's final

decision.  *Id.* at 1-6.  Plaintiff appealed this decision for judicial review.  Dkt. 4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since December 26, 2017.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease, lumbar and cervical; history of shoulder injury; anxiety disorder; Asperger's syndrome; and thoracic outlet syndrome.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform work light work subject to further limitations.

**Step four**: Plaintiff cannot perform his past relevant work.

**Step five**: There are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, and he is therefore not disabled.

AR 17-28.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social

Security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

2005).  As a general principle, an ALJ's error may be deemed harmless where it is

"inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) violating Plaintiff's due process rights with respect to Plaintiff's prior disability application; (2) incorrectly assessing certain medical opinion evidence; (3) discounting Plaintiff's testimony; and (4) crafting a deficient RFC and making errors at step five.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Did Not Violate Plaintiff's Due Process Rights

Plaintiff previously applied for benefits on July 28, 2014.  AR 15.  The claim was denied initially on October 28, 2014 and upon reconsideration on April 7, 2015.  *Id.*  On October 31, 2016, a different ALJ issued a decision finding Plaintiff not disabled.  *See id.* at 60-86.  The Appeals Council denied Plaintiff's request for review on November 24, 2017.  *See id.* at 87-92.

1    Plaintiff did not appeal the decision.  During the hearing on the instant application on December

2    18, 2018, however, Plaintiff requested the ALJ reopen Plaintiff's prior claim.  *Id*. at 37-38.

3    Noting the Administrative Council had denied Plaintiff's request for review, the ALJ found "the

4    prior decision is administratively final."  *Id*. at 15.  The ALJ also found "[t]he prior decision is

5    also not within the reopening period."  *Id*.

6            Plaintiff contends the ALJ erroneously "did not provide a valid rationale for denying"

7    Plaintiff's request to reopen his prior claim. Dkt. 10 at 4.  Pursuant to 20 C.F.R. § 404.988(b), a

8    prior decision may be reopened "[w]ithin four years of the date of the notice of the initial

9    determination if we find good cause, as defined in § 404.989, to reopen the case."  Plaintiff

10   argues his request fell within the four-year window.  However, as the Commissioner correctly

11   notes, Plaintiff relies on the *current application*'s date of notice of initial determination in

12   calculating the four-year window. *See* Dkt. 10 at 4 ("The initial determination of his current

13   claim was April 10, 2018, which is well within four years of the filing date of the application

14   currently before the ALJ of December 26, 2017.").  As noted above, the prior application was

15   initially denied on October 28, 2014.  Plaintiff's request for reopening on December 18, 2018

16   thus fell outside of the four-year window contemplated by 20 C.F.R. § 404.988(b).  The ALJ

17   accordingly did not err by denying Plaintiff's request to reopen the prior hearing.

18           **B.        The ALJ Erred in Assessing the Medical Opinion Evidence**

19           In assessing Plaintiff's current claim, the ALJ is required to articulate the persuasiveness

20   of each medical opinion, specifically with respect to whether the opinions are supported by and

21   consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

22           Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing"

23   reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific

1    and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81

2    F.3d 821, 830–31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations

3    in relation to its standards for the review of medical opinions.  It is not, in any event, clear that

4    the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations

5    would differ in any significant respect.  The new regulations still require ALJs to explain their

6    reasoning with specific reference to how they considered the supportability and consistency

7    factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain

8    legitimate.  *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at

9    *2 (W.D. Wash. Sept. 11, 2020).  The Court must, moreover, continue to consider whether the

10   ALJ's analysis has the support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th

11   Cir. 2020).  With these regulations and considerations in mind, the Court proceeds to its analysis

12   of the medical evidence in this case.

13              1.      *Dean Williams, M.D.*

14              Dr. Williams, Plaintiff's primary care physician, completed a DSHS form on January 26,

15   2018.  AR 432-434.  The ALJ found Dr. Williams opined Plaintiff is "both unable to participate

16   in any work activity and that he is capable of sedentary work."  *Id.* at 26.  The ALJ rejected Dr.

17   Williams' opinion as "generally inconsistent with the longitudinal record to include, for example,

18   physical examination findings evidencing 5/5 motor strength, normal muscle bulk and tone, and

19   intact sensation; his normal gait; and his largely benign presentation and mental status."  *Id.* at

20   26.  The ALJ further found Plaintiff's "back condition appears to have improved following his

21   February 2019 surgery, subsequent to Dr. Williams' opinion."  *Id.*

22              Plaintiff challenges the ALJ's treatment of Dr. Williams' opinion, arguing "the ALJ's

23   determination that plaintiff's exams were largely unremarkable could not have been based on

1   substantial evidence because of the results of the objective testing and observations throughout

2   plaintiff's record." Dkt. 10 at 10.  Plaintiff bears the burden of showing the ALJ harmfully erred.

3   *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Here, Plaintiff's argument is nothing

4   more than a conclusory statement that the ALJ erred, made without elaboration, explanation, or

5   citation to supportive evidence.  Plaintiff thus falls far short of meeting his burden to show the

6   ALJ harmfully erred.  *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th

7   Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the

8   issues to the court. …We require contentions to be accompanied by reasons."); *see generally*

9   *Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues

10  not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, No. C19-5755-BAT,

11  2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an

12  argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's

13  work—framing the argument, and putting flesh on its bones through a discussion of the

14  applicable law and facts.").  Further, Plaintiff does not meaningfully challenge the ALJ's specific

15  findings that Dr. Williams' opinion is contradicted by the longitudinal record and Plaintiff's

16  improvement with treatment, both of which are legally valid reasons to discount a doctor's

17  opinion.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)

18  (holding that a treating physician's opinion may properly be rejected where it is contradicted by

19  other medical evidence in the record); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)

20  (ALJ may consider improvement with treatment in discounting physician's opinion).  The Court

21  accordingly affirms the ALJ's treatment of Dr. Williams' opinion.

22      / / /

23      / / /

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

1

2.      Conor Sheehy, M.D.

2

Plaintiff saw Dr. Sheehy, a neurologist, for sleep and pain-related issues in 2017.  *See* AR

3

307-317.  The ALJ's decision did not discuss Dr. Sheehy.  However, it does not appear Dr.

4

Sheehy offered an opinion concerning Plaintiff's functional limitations.  Plaintiff argues "an

5

incomplete exam does not negate the findings that were made." Dkt. 10 at 10-11.  As noted

6

above, Plaintiff bears the burden of showing the ALJ harmfully erred, and has failed to do so

7

with respect to Dr. Sheehy.

8

3.      Rod Oskouian, M.D.

9

Dr. Oskouian examined Plaintiff on January 25, 2018.  AR 415-18.  The ALJ found Dr.

10

Oskouian's exam showed Plaintiff "had an unremarkable neck and extremities; his cervical,

11

thoracic, and lumbar spine were nontender to palpation; he had normal balance; he had normal

12

hands and feet; he had normal neurological findings to include normal cranial nerves; he had

13

normal muscle bulk and tone; and he had normal reflexes." *Id.* at 26.  Plaintiff summarizes Dr.

14

Oskouian's findings but does not otherwise argue the ALJ misinterpreted them. Dkt. 10 at 11.

15

As noted above, Plaintiff bears the burden of showing the ALJ harmfully erred, and has failed to

16

do so with respect to Dr. Oskouian.

17

4.      Carla Van Dam, Ph.D.

18

Dr. Van Dam, a non-examining state agency mental consultant, reviewed Plaintiff's

19

records on March 21, 2018.  AR 94-107.  Among other things, Dr. Van Dam opined Plaintiff "is

20

able to carry out simple tasks without significant difficulty." *Id*. at 106.  The ALJ found Dr. Van

21

Dam's opinion persuasive.  *Id*.

22

Plaintiff argues Dr. Van Dam's opinion concerning Plaintiff's ability to carry out simple

23

tasks conflicts with the RFC determination, which states Plaintiff is "okay for more complex and

1    detailed … tasks." AR 19.  In response, the Commissioner argues Dr. Van Dam "did not limit"

2    Plaintiff to simple tasks, and notes Dr. Van Dam "also concluded [Plaintiff] had no limitations in

3    understanding and memory, and was not 'significantly limited' in his ability to carry out detailed

4    instructions." Dkt. 13 at 14 (quoting AR 105).  Therefore, the Commissioner contends, "[b]y

5    finding [Plaintiff] could handle more complex tasks, the ALJ reasonably equated detailed

6    instructions with more complex tasks." *Id*.  However, the ALJ did not make such an explicit

7    finding equating detailed instructions with more complex tasks.  The Court reviews the ALJ's

8    decision "based on the reasoning and factual findings offered by the ALJ—not post hoc

9    rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v.*

10    *Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*,

11    177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let

12    claimants understand the disposition of their cases…")).  Further, the Commissioner's argument

13    that Dr. Van Dam did not limit Plaintiff to simple tasks is unavailing. Dr. Van Dam's opinion

14    does not suggest the doctor thought Plaintiff was *not* limited to performing only simple tasks or,

15    in other words, that Plaintiff could perform more complex tasks. The Commissioner focuses on

16    the "instructions" limitation, which the ALJ did not articulate. The Court accordingly finds the

17    ALJ's treatment of Dr. Van Dam's opinion ran afoul of SSR 96-8p. *See* 1996 WL 374184, at *7

18    (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the

19    adjudicator must explain why the opinion was not adopted"). The error was harmful because it

20    resulted in an RFC determination that failed to account for all assessed functional limitations.

21    **C.**     **The ALJ Did Not Err by Discounting Plaintiff's Testimony**

22        The ALJ determined Plaintiff's medically determinable impairments could reasonably be

23    expected to cause the symptoms he alleged and therefore was required to provide "specific, clear,

and convincing" reasons supported by substantial evidence to discount his testimony.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff "testified that he is has arthritis; that he has chronic pain; that he is status post shoulder and back surgery; that he is unable to reach overhead; that he has trouble sitting for long periods; that he has to move frequently; that he has seizures; that he has poor balance; that he cannot control his muscles; that he has right eye problems; that he has migraines; that he has cervical spine issues; that he is easily fatigued; that he has anxiety; that he has difficulty lifting and carrying; and that he has manipulative dysfunction."  AR 20.

Plaintiff argues the ALJ erroneously discounted his testimony "based on a recitation of normal findings in the medical evidence, ignoring objective evidence supporting plaintiff's allegations without providing an explanation of how the evidence cited undermines the plaintiff's testimony." Dkt. 10 at 6.  However, the ALJ discussed, in great detail, evidence relating Plaintiff's back condition, neck and upper extremities, and mental conditions.  AR 21-25.  For each, the ALJ discussed Plaintiff's reported symptoms and assessed Plaintiff's allegations against a host of medical evidence.

As to Plaintiff's back condition, the ALJ found, among other things, "the severity and frequency of his back allegations are out of proportion to the longitudinal examination record" and to "evidence that his condition was responsive to surgery and improved." *Id*. at 21.  Both are valid reasons to discount Plaintiff's testimony.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability").

1   As to Plaintiff's neck and upper extremities, the ALJ found "[w]hile the claimant has some

2   neck and upper extremity limitations, the severity and frequency of his alleged symptoms are out

3   of proportion to the generally unremarkable findings on physical examination evidencing 5/5

4   motor strength; a largely unremarkable neck and upper extremities; no upper extremity edema;

5   and normal neurological findings." AR 24.  The ALJ also detailed medical evidence spanning from

6   November 2017 to August 2019.  *See id.* at 23-24.  The ALJ thus reasonably discounted Plaintiff's

7   testimony as inconsistent with the medical record.  *See Carmickle*, 533 F.3d at 1161.

8   Finally, as to Plaintiff's mental conditions, the ALJ found "[w]hile the claimant has some

9   limitations, however, the severity and frequency of his reported symptoms are not wholly

10  consistent with his often benign presentation and mental status."  AR 25.  The ALJ found "while

11  he at time exhibits signs of anxiety, mental health providers have observed that his appearance and

12  functioning are unremarkable; that his motor activity and speech are normal; that his thought

13  process is clear; that he is oriented; that his thought content is unremarkable; that he has adequate

14  cognition; and that he has adequate insight and judgment."  *Id.*  This is a valid basis on which to

15  discount Plaintiff's testimony.  *See Carmickle*, 533 F.3d at 1161.  The ALJ also found Plaintiff is

16  "able to appropriately participate in group therapy, with treatment notes describing him as engaged

17  and a full participant."  *Id.*  This is also a valid basis on which to discount Plaintiff's testimony.

18  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ properly considers

19  evidence associated with a claimant's treatment).

20  Plaintiff argues "there is just as much abnormal physical and mental findings in [Plaintiff's]

21  record not mentioned by the ALJ."  Dkt. 10 at 7.  However, even assuming without deciding that

22  Plaintiff is correct, "[w]here the evidence is susceptible to more than one rational interpretation, it

23  is the ALJ's conclusion that must be upheld."  *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d

ORDER REVERSING THE COMMISSIONER'S
DECISION - 10

595, 599 (9th Cir. 1999). The fact the ALJ "*could* have come to a different conclusion" in interpreting the record does not suffice to demonstrate error. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). Because the ALJ's conclusion is supported by substantial evidence and his interpretation of the evidence rational, his conclusions are properly upheld. *Id*.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Because the ALJ misevaluated the medical evidence, the ALJ will necessarily need to determine whether the RFC needs to be adjusted and whether new step five findings must be made. For this reason, the Court need not address Plaintiff's assignments of errors regarding the RFC and step five.

On remand, the ALJ shall reevaluate Dr. Van Dam's opinion, develop the record and redetermine the RFC as needed, and continue to the remaining steps as appropriate.

Dated this 11th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 11